UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT LARAMIE GOMES,

        Plaintiff,

v.

YAKIMA COUNTY JAIL,

        Defendant.

CASE NO. 2:23-cv-00353-DGE-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff Robert Laramie Gomes, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges that defendant Yakima County Jail violated plaintiff's constitutional rights. However, the facility in which the alleged infractions occurred is not a proper defendant in a § 1983 action. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has not named a proper defendant for purposes of § 1983. However, the Court provides plaintiff leave to file an amended pleading by **April 28, 2023**, to cure the deficiencies identified herein.

1     The Court further notes plaintiff has filed a motion to proceed *in forma pauperis* in this matter. Dkt. 1. Should plaintiff's motion be granted, he will nevertheless be required to make partial payments toward the $350 filing fee. Because, at present, it does not appear plaintiff has presented this Court with a viable claim for relief, the Court declines to rule on his *in forma pauperis* motion at this time so that if plaintiff chooses not to proceed with this case, he will not be required to make partial payments toward the $350 filing fee. Instead, the Clerk shall renote the *in forma pauperis* motion (Dkt. 1) to **April 28, 2023**, to allow plaintiff to either file a viable claim for relief or choose not to proceed.

## BACKGROUND

    Plaintiff filed this action on March 9, 2023. Dkt. 1. He is currently incarcerated at Clallam Bay Corrections Center. *See* Dkt. Plaintiff's claims arise from his previous confinement at the Yakima County Jail. *See* Dkt. 1-1. Plaintiff claims Yakima County Jail corrections officers mishandled his legal mail and documents. *Id*. at 4–5. Plaintiff also alleges he suffered various unconstitutional conditions of confinement, ranging from no stepping pegs for the bunks and black mold in the showers, to deliberate indifference to his medical and mental health needs. *Id*. at 5. Additionally, plaintiff claims Yakima County Jail officials were negligent with respect to his safety after he warned them his placement in "G" tank would result in his being assaulted. *Id*. at 6.

## DISCUSSION

### I.     Improper Defendant

    Plaintiff has named the Yakima County Jail as a defendant in this action. However, a facility is not a proper defendant for purposes of § 1983. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. This definition includes municipalities, such as

counties. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, courts have held that to bring an appropriate § 1983 action, plaintiff "must name the county or city itself as party to the action, and not the particular municipal department or facility where the alleged violation occurred." *Osborne v. Vancouver Police*, 2017 WL 1294573 at *9 (W.D. Wash. 2017); *see also Vance v. Santa Clara Co.*, 928 F. Supp. 993, 996 (N.D. Cal. 1996); *Pressley v. San Diego Sheriff Central County Jail*, 2017 WL 4960221 at *3 (S.D. Cal. 2017); *Greenfield v. Brenner*, 2006 WL 776772 at *5 (E.D. Wash. 2006).

Further, a county may only be held liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694). To recover, plaintiff must show county employees or agents acted through an official custom or policy that permits violation of plaintiff's civil rights, or the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690-91.

Here, Yakima County Jail is not a proper defendant. As noted above, plaintiff can only recover from the county itself, not from departments or facilities run by the county. However, even if plaintiff names the county, he must also demonstrate the constitutional violations were the result of a policy or practice within the county, not merely a singular action, which caused him injury. The policy or practice must be the driving force behind the violations.

In his complaint, plaintiff identifies by name at least one official who was allegedly involved in violating plaintiff's constitutional rights, but was not identified as a defendant. In order to state a claim pursuant to 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels*

*v. Williams*, 474 U.S. 327 (1986). Further, mere supervisory liability of Yakima County is not enough. Plaintiff must name as defendants persons who allegedly were acting under color of state law and explain how their conduct deprived him of a right, privilege or immunity secured by the Constitution. When naming an entity such as Yakima County, plaintiff must explain how employees acted because of an official custom, rather than on their own judgment. Because plaintiff has not named individual persons or Yakima County, and because the Yakima County Jail is not a proper defendant, plaintiff has not yet stated a claim for which relief can be granted.

**II.     Instructions to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve plaintiff's proposed complaint. If plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint on the form provided by the Court.

The amended § 1983 complaint must contain a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended proposed complaint on the form provided by the Court. The amended proposed complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended proposed complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended proposed complaint to determine whether it states a claim upon

which relief can be granted and contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended proposed complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **April 28, 2023**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service and to send copies of this Order and Pro Se Instruction Sheet to plaintiff. The Clerk is further directed to renote plaintiff's motion to proceed *in forma pauperis* (Dkt. 1) for consideration on **April 28, 2023**.

Dated this 29th day of March, 2023.

J. Richard Creatura
United States Magistrate Judge